## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY *as subrogee of* GIUSEPPE ANNIBALLI,<br><br>                    Plaintiff,<br>v.<br><br>NEOTERIC SOLUTIONS INC. *doing business as* WOWPARTS, and AMAZON.COM, INC.,<br><br>                    Defendants. | Civil Action No.<br><br>2:14-cv-03836-SDW-LDW<br><br>**REPORT & RECOMMENDATION** |
| NEOTERIC SOLUTIONS INC. *doing business as* WOWPARTS,<br><br>                    Third-Party Plaintiff,<br><br>v.<br><br>HOSOWELL (HK) TECHNOLOGY CO., LTD, BAY VALLEY PARTS, INC., DONGGUAN HOSOWELL TECHNOLOGY CO., LTD,<br><br>                    Third Party Defendants. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is the motion of third party defendants, Donguan Hosowell Technology Co., Ltd. and Hosowell (HK) Technology Co., Ltd.,[1] to dismiss the third party claims against them for lack of jurisdiction. (ECF No. 58). United States District Judge

---

[1]      Counsel refer to the moving third party defendants collectively as both "Hosewell" and "Hosowell" in the third party complaint and submissions in connection with this motion. For purposes of consistency, the Court will refer to them as "Hosowell" or "the Hosowell parties."

Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation.   The Court heard oral argument on January 29, 2016.   Having considered the parties' submissions and oral argument, for the reasons set forth herein, and for good cause shown, this Court recommends that the motion to dismiss be **DENIED WITHOUT PREJUDICE**.

## I.      BACKGROUND

Plaintiff Philadelphia Contributionship Insurance Company brought this action alleging that on September 17, 2012, a replacement battery pack purchased from defendant Neoteric Solutions, Inc. ("Neoteric") caused a fire at a property owned by plaintiff's insured. (ECF No. 1 ¶¶ 6-10).   The fire allegedly caused significant property damage, and plaintiff now seeks to recover the $313,176.74 it paid to its insured on account of the damage.   (*Id.* ¶¶ 12-14).   Plaintiff argues that the replacement battery was defectively designed and manufactured.   (*Id.* ¶ 17-18).

Together with its Answer to the Complaint, defendant Neoteric filed a Third Party Complaint against Dongguan Hosowell Technology Co. Ltd., a Chinese company whose principal place of business is in China, and Hosowell (HK) Technology Co., Ltd., a Hong Kong company whose principal place of business is in Hong Kong.   (ECF No. 8-1 ¶ 13).   Both companies have an operations and distribution center in Fremont, California, known as Bay Valley Parts, Inc. ("Bay Valley"), which Neoteric also names as a third party defendant.   (*Id.*).

Neoteric alleges that it purchased the replacement battery in question from Hosowell and redistributed the battery in the same condition it was received from

Hosowell. (*Id.* ¶¶ 13, 14). Neoteric asserts that any alleged defects that may have been present in the replacement battery were due solely to the actions of Hosowell. (ECF No. 8-1 ¶ 25). Neoteric claims Hosowell purposefully availed itself of the privileges and benefits of doing business in New Jersey, supporting jurisdiction here, and is liable to Neoteric for any liability it may have to plaintiff. (ECF No. 8-1 ¶¶ 14, 16).

## II.   DISCUSSION

### a. Summary of the Motion

The Hosowell parties move to dismiss Neoteric's third-party claims against them for lack of personal jurisdiction. Hosowell initially moved for dismissal on the basis of both improper service of process and lack of jurisdiction; however, during the oral argument held on January 29, 2016, counsel for Hosowell withdrew the portion of the motion that was based on improper service of process because service seems to have been effected recently through the Hague Convention. Thus, the Court will address only movants' remaining arguments about lack of jurisdiction over Hosowell.

Hosowell moves to dismiss the third-party claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that Neoteric failed to set forth allegations as to how the Hosowell parties availed themselves of the New Jersey forum. (ECF No. 58-6 at 3). Although the Hosowell parties concede they have a California-based subsidiary, Bay Valley, they contend that the subsidiary had no role in the subject transaction and any alleged contacts of the subsidiary do not justify jurisdiction over them as the separately incorporated parent entities. (ECF No. 58-6 at 4).

Neoteric argues in response that there is evidence that Hosowell's products are being presented for sale to consumers in New Jersey and thus asks the Court for jurisdictional discovery in order to develop further basis for jurisdiction. (ECF No. 60 at 3). In support of its argument, Neoteric includes exhibits that it contends demonstrate the possibility that the Hosowell parties are subject to jurisdiction here, including a list of Hosowell shipping and packaging documents that Neoteric received and screen shots of internet searches that Neoteric alleges indicate Hosowell products are being sold directly to consumers in the United States. (ECF No. 60-6).

### b. Legal Standard

When a defendant challenges a Court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992). These facts must demonstrate that the defendant purposefully availed itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987)). The plaintiff must also show the defendant reasonably should anticipate being brought into Court in the subject forum. *See Toys "R" Us, Inc.*, 318 F.3d at 451; *see also World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

This burden notwithstanding, the party seeking to avoid dismissal must establish only a *prima facie* case of personal jurisdiction where the Court has not held an evidentiary hearing on the issue. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). If

4

the basis set forth for personal jurisdiction is not clearly frivolous, the Court should allow for jurisdictional discovery in order to aid the party opposing dismissal in discharging its burden. *See, e.g.*, *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009); *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir.1983). The Court must construe all factual disputes in favor of the party opposing dismissal. *See Miller Yacht Sales, Inc.* 384 F.3d at 97. "Furthermore, [the Third Circuit has] found jurisdictional discovery particularly appropriate where the defendant is a corporation." *Metcalfe*, 566 F.3d at 336.

### c. Analysis

The Court is satisfied that Neoteric has established a *prima facie* case of personal jurisdiction and is entitled to limited discovery on the issue of jurisdiction. As long as a party can show with "reasonable particularity" the possible existence of the requisite contacts with the forum state, the Court should allow for jurisdictional discovery. *Toys "R" Us, Inc.*, 318 F.3d at 456; see also *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992). Neoteric has produced limited evidence to suggest that this Court has personal jurisdiction over the Hosowell parties. Nevertheless, in its opposition to the instant motion, Neoteric provided an exhibit that purportedly indicates that Hosowell is selling products through a company called Leyou Technology Co., Ltd. ("Leyou Technology"). (*See* ECF No. 60-6 at 13). During oral argument, counsel for Neoteric averred that Leyou Technology is located in Jersey City, New Jersey, and this raises the possibility that Leyou Technology could either be an agent or authorized distributor of Hosowell, which might confer jurisdiction. Construing all facts in favor of

5

Neoteric, the Court believes this evidence is sufficient to establish a *prima facie* case of personal jurisdiction.

While Neoteric has failed to establish by a preponderance of the evidence that this Court has personal jurisdiction over the Hosowell parties, the Court believes that dismissal of Neoteric's third-party claims against them is inappropriate at this juncture. The Third Circuit has recognized that establishing personal jurisdiction over a corporation is a particularly difficult task that warrants discovery. *See Metcalfe,* 566 F.3d at 336; *see also Compagnie Des Bauxites de Guinee*, 723 F.2d at 362. Neoteric has set forth a basis of personal jurisdiction that is at this point slight, but not frivolous, as to the two corporate Hosowell parties. Therefore, it would be contrary to precedential authority for this Court to dismiss Neoteric's claims against Hosowell before allowing Neoteric to take some jurisdictional discovery.

The Court believes the balance of fairness to Neoteric against any potential burden to Hosowell warrants limited and targeted jurisdictional discovery, after which the issue of personal jurisdiction may be revisited. *See Carteret Sav. Bank, FA*, 954 F.2d at 142 n. 1 ("Of course, by accepting a plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute."). During oral argument, the Court suggested that it was inclined to recommend that Neoteric be able to serve Hosowell with a maximum of ten interrogatories directed specifically to the Hosowell parties' contacts with New Jersey. Neoteric's counsel indicated that such jurisdictional discovery would be sufficient for its purposes. The Court believes permitting Neoteric to serve no more than ten interrogatories

6

addressed specifically to Hosowell's contacts with New Jersey is a sufficient balance between Neoteric's right to discovery and the burden on the Hosowell defendants of responding to jurisdictional discovery.

## III.   CONCLUSION

For the reasons set forth above, this Court respectfully recommends that third party defendants' motion to dismiss be **DENIED WITHOUT PREJUDICE**, and that third-party plaintiffs be permitted to take jurisdictional discovery of Hosowell limited to service of a maximum of ten interrogatories directed specifically to the issue of personal jurisdiction.

Dated: February 5, 2016

*Leda Dunn Wettre*

**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:     Clerk of the Court
    cc:     Hon. Susan D. Wigenton, U.S.D.J.
            All Parties

7